IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VRITTIA J. PARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-162-PJC |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

**NOW** before the Court is the Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) (Dkt. #31) filed by Plaintiff's counsel. The Motion (Dkt. #31) is **GRANTED** as provided herein.

On June 8, 2009, the Court remanded this case to the Commissioner for further administrative action, pursuant to sentence four of 42 U.S.C. § 406(g). (Dkt. #26 and #27). On February 11, 2010, counsel filed the instant Motion, advising that the Social Security Administration issued a fully favorable decision to Plaintiff on January 28, 2010. Counsel represents that, as of the date of filing the instant Motion, the Notice of Award containing the amount of past due benefits has not been received. Consequently, the amount of the contingent attorney fee cannot be ascertained. Counsel requests an order allowing the filing of the motion for Section 406(b) fees within sixty days of receipt of the Notice of Award.

In response to the instant Motion, the Commissioner declines to assert a position, noting that he is not the true party in interest, citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Defendant's Response (Dkt. #32). However, the Commissioner expresses concern that

granting counsel permission to file a Section 406(b) motion for fees in the future may impact the ability to object to the timeliness of that motion. (Dkt. #32, p. 2).

To the extent that the Commissioner's argument is based on the idea that the timeliness of a motion filed under Fed. R. Civ. P. 60(b)(6) is measured from the date of the Notice of Award, that argument is rejected. In *McGraw v. Barnhart* the Tenth Circuit stated that the calculation of a reasonable time is measured from the date of the Commissioner's decision awarding benefits. 405 F.3d 493, 505 (10th Cir. 2006); *see also Early v. Astrue*, 295 Fed. Appx. 916, 919, 2008 WL 4492602 *3 (10th Cir.).

To the extent that the Commissioner's response can be read as an objection to the requested order because the time frame for filing a request for fees under Section 406(b) is open-ended, that objection is also rejected. The instant Motion requests a period of 60 days from the date of counsel's receipt of the Notice of Award, which the court finds is reasonable. Counsel has no control over the timing of the issuance of the Notice of Award. The issuance of the Notice of Award is a task within the Commissioner's purview and entirely within the Commissioner's control. The Commissioner's delay in issuing that Notice does not present a rational reason for the court to deny counsel permission to promptly file the motion for fees which is dependent on the issuance of the Notice.

In addition, this Court has been clear in stating this District's procedure for the appropriate action to take when circumstances as are present in this case prevent the filing of a Section 406(b) motion. In *Bernal v. Astrue*, 611 F. Supp.2d 1217, 1220 (N.D. Okla. 2009), the Court stated:

> So it will be abundantly clear and so there will be no question about the issue in the future, counsel is placed on notice that a reasonable time for filing a motion under Rule 60(b)(6) for

> consideration of a motion for fees under §406(b)(1) will be considered in terms of weeks or months, not years. Further, the calculation of a reasonable time is measured from the date of the Commissioner's decision awarding benefits. *McGraw*, 405 F.3d at 505; *Early*, 2008 WL 4492602 at *3. In the event that circumstances arise that impact the accurate calculation of §406(b)(1) fees, it is appropriate to promptly file the motion for fees and to advise the court of the relevant circumstances.

(footnote omitted). *See also Miles v. Astrue*, 2009 WL 2132723 (N.D. Okla.); *Plogger v. Astrue*, 2009 WL 2913442 (N.D. Okla). The instant Motion is a reasonable application of the guidance given by this District in *Bernal, Miles,* and *Plogger*.

The Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) (Dkt. #31) filed by Plaintiff's counsel is **GRANTED**. A motion for an attorney fee award under Section 406(b), together with the required notice to Plaintiff and statement concerning any objection thereto, may be filed within 60 days of counsel's receipt of the Notice of Award.

**SO ORDERED** this 7th day of April, 2010.

_____
Paul J. Cleary
United States Magistrate Judge